### Sarah A. Travis v. Frank Hall et al.

Decided November 10, 1904.

**1.—Limitation—Adverse Possession—Taking Possession—Charge.**

Where in trespass to try title plaintiff's claim is based upon ten years' adverse possession through tenants holding for her, charge which excluded her right to tack the possession of the tenants held erroneous.

**2.—Same—Tenant.**

Ten years' use or enjoyment of property or a part thereof by a tenant claiming the whole for his landlord would support title though the tenant's house may have been situated without the boundaries.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Roberts & Crawford,* for appellant.

*Fisher, Sears & Sherwood,* for appellees.

Gill, Associate Justice.—This was an action of trespass to try title brought by Sarah A. Travis to recover of Frank Hall and his co-defendants the north half of the south half of ten-acre lot No. 34 of the Holman survey. By amended petition on which the case was tried she rested her title on ten years' adverse possession. Defendants answered by plea of not guilty, limitation of ten years and suggestion of improvements in good faith. On a general verdict in favor of Frank Hall judgment was rendered in favor of all the defendants and plaintiff has appealed.

Neither party introduced any written evidence of title, but each adduced proof tending to establish limitation of ten years. A. J. Travis, the brother of plaintiff, testified that his mother claimed the south half of the ten-acre lot No. 34. That upon her death in 1870 he took possession of the land thus claimed, fenced it, sold a part of it as his own, and retained the part in controversy for his sister, Sarah A. Travis. That before he left Houston, in 1875, he placed Abram Williams on it as tenant to hold it for plaintiff. That Williams lived on it for more than ten years, fenced it and had a garden on it, claiming it for plaintiff. Plaintiff's evidence tends to show that Williams so lived on the premises until his death, which occurred in 1890. Other evidence tended to prove that he did not go on the land as early as 1875, and that he died in 1885 or earlier.

According to the testimony of some of the witnesses his house and

fence were not on the premises but in the street. Whether if his house was in the street he did, nevertheless, cultivate and use a part of the premises claiming the entire south half for plaintiff, was an issue in the case.

The evidence also presented the issue whether defendant Hall had so used and occupied the premises as to give him title by limitation of ten years.

All the assignments save one are addressed to the charge of the court, the last one complaining that the judgment is not supported by the verdict.

Paragraph 6 of the court's charge is as follows: "If you find from a preponderance of the evidence that Abram Williams lived upon and had possession of the property in adverse and peaceable possession, occupying and using the same by permission of and as tenant of A. J. Travis for ten years consecutively prior to the death of him, the said Williams, then under the law and facts such living upon and possession of the property by Williams had the legal effect to perfect title thereto in Sarah A. Travis, the plaintiff. If you so find the facts to have been you will return your verdict for plaintiff, unless you find for defendant under instructions hereinafter given."

Paragraph 7 is as follows: "If you do not find from a preponderance of the evidence that Williams as agent of Travis so lived upon or had possession of the land in controversy, or if you find that Williams lived upon or had possession of land outside the lines of the land sued for and in a street or elsewhere, then you will find for defendant and inquire no further."

By appropriate assignments of error each of these paragraphs is assailed as erroneous. The two together because they confine plaintiff's right to recover to a showing of adverse possession by Williams for a period of ten years, thus excluding the right of plaintiff to tack the possession of Williams to that of A. J. Travis if any is shown. The seventh because the jury were affirmatively instructed therein that if Williams lived outside the lines plaintiff could not recover, thus excluding such possession as might have been found from the facts even if it appeared that Williams actually lived in the street.

We are of opinion the charges are erroneous in the respects complained of. The contention of appellees that it was mere negative error imposing on appellants the duty to request a special charge covering the issue can not be allowed. They were affirmative instructions restricting the right of recovery. As has been shown in our findings of fact, supra, both the question of A. J. Travis' possession and whether Williams occupied and used the property or merely used a part of it, his house being situated without the boundaries, were issues presented by the evidence. That ten years' use of or enjoyment of the property or a part of it, claiming the whole for his landlord, would sustain plaintiff's plea though Williams' house may have been situated in the street is not questioned by appellees. It follows that for these errors alone the judgment must be reversed and the cause remanded

The other questions presented are not likely to arise upon another trial, hence we do not discuss them.

*Reversed and remanded.*